IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-26-017 |
| | * | |
| RODNEY SYLVESTER WIGGINS, | * | |
| | * | |
| Defendant | * | |
| | ******* | |

**GOVERNMENT'S MOTION TO TOLL SPEEDY TRIAL ACT CLOCK**

The United States of America, by and through its counsel, hereby respectfully requests, pursuant to 18 U.S.C. § 3161(h)(7), an order excluding the time period between **March 18, 2026**, and **April 13, 2026**, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).  In support thereof, the government submits the following:

1.      On January 15, 2026, a federal Grand Jury for the District of Maryland returned a one-count Indictment against the Defendant, charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.

2.      On February 6, 2026, the Defendant had his initial appearance and arraignment before the Honorable Ajmel A. Quereshi, United States Magistrate Judge.  ECF No. 9.  Judge Quereshi advised the parties that an initial status call was scheduled for March 16, 2026. Pursuant to the Criminal Justice Act, Judge Quereshi appointed Nicholas Madiou, Esq. to represent the Defendant. ECF No. 6.

3.      The government sent defense counsel discovery on February 17, 2026, and March 11, 2026.

4.      On March 13, 2026, Mr. Madiou filed a motion to withdraw as Defendant's counsel. ECF No. 19. On March 17, 2026, the Court ordered an attorney inquiry hearing before the Honorable Ajmel A. Quereshi, United States Magistrate Judge. ECF No. 20. The attorney

inquiry hearing is scheduled for April 8, 2026, at 2:00 p.m.

5.      The government sought the consent of Defendant's counsel before filing this motion. Counsel for the Defendant has informed the government that he is not able to provide a position on behalf of the Defendant.

6.      In order to allow time for the Defendant to potentially retain new counsel and provide said counsel with the opportunity to review discovery materials and conduct further investigation of the case, the government requests tolling the Speedy Trial Act clock, in the interests of justice, from between **March 18, 2026**, and **April 13, 2026**.

7.      In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

8.      18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161.  18 U.S.C. § 3161(h)(7)(B)(i) and (ii).  The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C.

§ 3161(h)(7)(B)(iv).

9.      The government submits, pursuant to 18 U.S.C. § 3161(h)(7)(A), that tolling of the Speedy Trial Act clock is appropriate under the circumstances.  A reasonable exclusion of time is in the interests of justice for purposes of providing time for the Defendant to potentially retain new counsel, review discovery in this matter, and investigate this case to determine if either pretrial resolution or litigation is appropriate.

10.     For the foregoing reasons, the ends of justice will be served by excluding the time period between **March 18, 2026**, and **April 13, 2026**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

11.     A proposed order is submitted herewith.

**WHEREFORE**, the government respectfully requests that the Court exclude the time period between **March 18, 2026**, and **April 13, 2026**, under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  _____/s/_____
Lanay Mitchell
Special Assistant United States Attorney

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court

using the CM/ECF system on March 18, 2026.

_____/s/_____

Lanay Mitchell

Special Assistant United States Attorney
